## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**NICHOLAS PARKER**                              **CIVIL ACTION NO.:**

**VERSUS**                                              **SECTION:**

**ALPHA VESSELCO LLC**                     **JUDGE:**

                                                            **MAG. JUDGE:**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### COMPLAINT FOR DAMAGES

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:**

The Complaint of Plaintiff, Nicholas Parker, a person of majority age, with respect represents:

1.

Made Defendant herein is Alpha VesselCo LLC d/b/a Ocean Harvesters, a Louisiana limited liability company authorized to do and doing business in this State and Judicial District at all material times.

2.

At all relevant times, Defendant owned, operated, and controlled the fishing vessel SEA BEE and her "mate boat," both vessels in navigation on navigable waters, and employed the crew of said fishing vessels.

3.

At all relevant times, Plaintiff was a Jones Act seaman, pursuant to 46 U.S.C. 30104, *et seq.*, and employed by Defendant as a ring setter assigned to the fishing vessel SEA BEE and her

mate boat, for which job he earned between $56,000 and $70,000 per year, including bonuses, found, and fringe benefits.

4.

On or about August 18, 2021, Plaintiff was working as a ring setter aboard the SEA BEE mate boat while both vessels were engaged in pogie boat operations in the Gulf of Mexico due south of New Orleans.

5.

During the late afternoon or early evening on August 18, 2021, Plaintiff was performing assigned chores on the mate boat in rough seas and windy conditions, including recovery of fishing nets that had been previously set.

6.

As Plaintiff and other crewmembers of the mate boat pulled in its fishing nets, the mate boat began to take on water due to the rough seas. Additionally, as the SEA BEE navigated its way to the mate boat, the SEA BEE was operating at an unreasonably high rate of speed under the prevailing conditions. The SEA BEE produced an unreasonably large wake that, combined with the rough seas, swamped the mate boat.

7.

As a consequence, the stern of the mate boat went under water and began to sink. Plaintiff attempted to climb to the bow of the mate boat for safety. As he did so, he slipped and fell several times in the mate boat. Ultimately, Plaintiff had to jump overboard and into the water before the mate boat sank further into the water.

8.

Eventually, crew aboard the SEA BEE were able to rescue Plaintiff from the water by

throwing him a rope and pulling him aboard the SEA BEE.

9.

As a result of the aforesaid incident, Plaintiff suffered traumatic, severe, permanent, and disabling injuries to his shoulders, neck and back, and connective joints, muscles, tissues and nerves.

10.

The above-described incident and resulting injuries to Plaintiff were caused by the fault and negligence of Defendant through its vessels and crew and the unseaworthiness of the SEA BEE and its mate boat.

11.

As a result of the aforesaid incident, Plaintiff has suffered lost wages, a greatly impaired wage earning capacity, past, present and future physical and mental pain and suffering, permanent physical disability, loss of enjoyment of life, and past and future medical care.

12.

As a result of the severe injuries suffered by Plaintiff while in the service of the SEA BEE and her mate boat as described herein, Plaintiff has sought and received medical treatment and is entitled to said treatment until he reaches maximum medical cure according to his treating physician.

13.

To date, despite prompt notice and knowledge of Plaintiff's shipboard injuries and required medical care, Defendant has arbitrarily, capriciously and without legal cause failed to provide cure, which failure has aggravated and intensified Plaintiff's mental pain and suffering and emotional

distress and prolonged, delayed and impaired his ultimate recovery from his shipboard injuries, as well as caused him to incur further financial hardship

14.

By reason of the foregoing, Plaintiff seeks and is entitled to recover from Defendant maintenance and cure benefits as determined by Plaintiff's treating physicians and until he reaches maximum medical improvement, compensatory damages for Defendant's willful and callous refusal to honor its maintenance and cure obligations in an amount reasonable under the circumstances, reasonable attorney's fees incurred by Plaintiff in securing maintenance and cure in an amount to be set by this Honorable Court, and punitive damages due to Defendant's callous refusal to pay cure in an amount to be determined by this Honorable Court.

15.

Jurisdiction against the Defendant is based upon the Jones Act, 46 U.S.C. §30104, *et seq.* and the general maritime law of the United States.

WHEREFORE, Plaintiff, Nicholas Parker prays that Defendant, Alpha VesselCo LLC d/b/a Ocean Harvesters, be dually cited and served with a copy of this Complaint and after due proceedings had there be judgment rendered herein in favor of Plaintiff and against Defendant, for compensatory damages, punitive damages and attorney's fees in an amount reasonable under the circumstances of this cause, for maintenance and cure until he reaches maximum medical improvement according to his treating physicians, for legal interest on those amounts for which Plaintiff is entitled to obtain legal interest, and for any additional general and equitable relief as the facts of this cause may require.

Respectfully submitted,

*/s/ Beth E. Abramson*
BETH E. ABRAMSON (#27350)
DAVID A. ABRAMSON (#21435)
PAUL M. STERBCOW (#17817)
Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
Tel:    504-588-1500
Fax:    504-588-1514
babramson@lksalaw.com
abramson@lksalaw.com
sterbcow@lksalaw.com


COUNSEL FOR PLAINTIFF


**PLEASE SERVE**

**ALPHA VESSELCO, LLC**
Through its registered agent:
C T CORPORATION SYSTEM
3867 PLAZA TOWER DR.
BATON ROUGE, LA   70816