UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICHOLAS PARKER | CIVIL ACTION |
| VERSUS | NO. 22-933 |
| ALPHA VESSELCO LLC | SECTION M (1) |

### ORDER & REASONS

Before the Court is a motion by defendant Alpha VesselCo LLC d/b/a Ocean Harvesters ("Alpha") brought under 28 U.S.C. § 1404(a) to transfer this case to the United States District Court for the Southern District of Mississippi for the convenience of the parties and witnesses and in the interest of justice.[1] Plaintiff Nicholas Parker responds in opposition,[2] and Alpha replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion.

### I. BACKGROUND

This is a maritime personal injury case arising under the Jones Act, 46 U.S.C. § 30104. Alpha, which is domiciled in Vermillion Parish, Louisiana,[4] and has a mailing address in Virginia, harvests and processes menhaden from the coastal waters of the Mid-Atlantic and Gulf Coast regions.[5] From 2013 until August 18, 2021, Alpha (and its predecessor, Omega Protein, Inc.) seasonally employed Parker, an Alabama resident, as a seaman.[6] For all eight fishing seasons,[7]

---

[1] R. Doc. 10.
[2] R. Doc. 11.
[3] R. Doc. 14.
[4] Vermillion Parish is situated in the Western District of Louisiana. 28 U.S.C. § 98(c).
[5] R. Doc. 10-2 at 1, 4.
[6] *Id.* at 2.
[7] A fishing season typically lasts from April through October. *Id.* at 1.

Parker worked out of Alpha's Moss Point, Mississippi, plant.[8]  On August 18, 2021, Parker was working aboard the *F/V Sea Bee* ("*Sea Bee*"), which is based in and operated out of Moss Point, when he was allegedly injured in an accident that occurred off the Louisiana coast between Cat Island Pass and Wine Island.[9]

The employment contract between Parker and Alpha in force at the time of the accident included the following choice-of-venue (or forum-selection) clause:

> The Company and Employee each irrevocably (i) agrees that any lawsuit or legal proceeding arising out of, or relating to … the Employee's employment with the Company … (including any personal injuries arising out of such employment) will be brought in any state or federal court in the State of Louisiana or Mississippi in which venue is proper, (ii) consents to and submits exclusively to the jurisdiction of each of those state or federal courts in any such legal proceeding, and (iii) waives any objection to the laying of venue of any such lawsuit or legal proceeding in any such state or federal courts.[10]

In accordance with the choice-of-venue clause, Parker filed this suit in this district seeking redress for his alleged injuries.[11]

## II. PENDING MOTION

Alpha, while conceding that venue lies in this district, seeks to transfer this case to the Southern District of Mississippi pursuant to 28 U.S.C. § 1404(a), arguing that such venue is a more convenient forum.[12]  Alpha points out that this district's only connection to the case is that the accident occurred in Louisiana's coastal waters.[13]  On the other hand, says Alpha, the Southern District of Mississippi has multiple connections to this case, including that Parker worked out of, and the *Sea Bea* was based in, Moss Point; all of the vessel's crewmembers live (at least seasonally)

---

[8] *Id.* at 2.
[9] *Id.*
[10] R. Doc. 11-2.  The parties also executed a document titled "Consent to Louisiana or Mississippi Jurisdiction," which contains a nearly verbatim provision.  R. Doc. 11-1.
[11] R. Doc. 1.
[12] R. Doc. 10.
[13] R. Doc. 10-1 at 5.

in Moss Point; the Alpha personnel who investigated the accident live in Moss Point; and some of Parker's treating physicians are in Moss Point, while the rest are in Alabama, which is geographically closer to the Southern District of Mississippi than to this district.[14]

In opposition, Parker argues that the employment contract's choice-of-venue clause precludes Alpha from seeking transfer under § 1404(a) because Alpha agreed not to object to venue in Louisiana or Mississippi.[15] Parker, citing *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013), argues that the contractual choice-of-venue clause is mandatory and thus alters the §1404(a) analysis by requiring the Court to deem that the private interest factors weigh in favor of the preselected forum.[16] In that vein, Parker argues further that the public interest factors do not overwhelmingly favor the Southern District of Mississippi, so the motion should be denied.[17] Alternatively, Parker argues that the private interest factors do not favor transfer because documents will be electronically produced, most of his doctors are in Alabama, and there is no appreciably greater convenience or financial benefit to witnesses or parties in holding the trial in the Southern District of Mississippi rather than this district.

Alpha replies, arguing that *Atlantic Marine*'s altered § 1404(a) analysis is not applicable here because the venue clause is permissive, not mandatory.[18] Alpha also argues that the private and public interest factors favor transfer because the bulk of the evidence and witnesses are in Moss Point, rendering the Southern District of Mississippi the more convenient and less expensive forum.[19]

---

[14] *Id.* at 2-7.
[15] R. Doc. 11 at 1-3.
[16] *Id.* at 7-9.
[17] *Id.*
[18] R. Doc. 14 at 1-2.
[19] *Id.* at 3-4.

### III.  LAW & ANALYSIS

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  A motion under § 1404(a) is premised on venue being proper in the current forum. *Intellectual Ventures II LLC v. FedEx Corp.*, 2017 WL 5630023, at *3 (E.D. Tex. Nov. 22, 2017).  The motion is not an objection to the current forum as an improper venue. *Id.*  Such objections are raised under 28 U.S.C. § 1406(a) and Rule 12(b)(3) of the Federal Rules of Civil Procedure. *Atl. Marine Constr.*, 571 U.S. at 55.  Here, by moving for transfer under § 1404(a) to another contractually chosen venue, Alpha essentially concedes that venue is proper in this district.  Thus, Alpha is not objecting to the venue as improper, which is what the contract prohibits.  Said differently, contrary to Parker's reading of the choice-of-venue clause, there is no contractual impediment to Alpha's present §1404(a) motion to transfer to the Southern District of Mississippi.

A defendant seeking transfer under § 1404(a) must show "good cause," meaning the defendant "must satisfy the statutory requirements and clearly demonstrate that a transfer is 'for the convenience of parties and witnesses, in the interest of justice.'" *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (quoting § 1404(a)) (alteration omitted).  "Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.*

Courts generally apply the private and public interest factors originally set out in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), when evaluating whether another district could be clearly more convenient. *In re Volkswagen*, 545 F.3d at 315.  "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the

attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (quotation omitted). "The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* (quotation and alteration omitted). These factors are not necessarily exhaustive or exclusive and none has dispositive weight. *Id.*

The private and public interest analysis is altered when the contractual forum-selection clause is mandatory. *Atl. Marine Constr.*, 571 U.S. at 62-64. In *Atlantic Marine*, the defendant sought to enforce a valid, mandatory forum-selection clause under § 1406(a) and Rule 12(b)(3) when the plaintiff filed suit in a forum not specified by the contract. *Id.* at 52-53. The Supreme Court held that § 1404(a), not § 1406(a), is the proper mechanism to enforce a valid, mandatory forum-selection clause, but the usual § 1404(a) analysis is altered to give the plaintiff's choice of forum no weight and to disregard the private interest factors. *Id.* at 62-64. Parker argues that the choice-of-venue clause in the parties' contract is mandatory and calls for the application of *Atlantic Marine*'s altered § 1404(a) analysis. But the altered analysis does not apply here because Alpha is not trying to enforce a forum-selection clause in the face of a plaintiff's having filed suit in a forum that was not contractually specified. While the choice-of-venue clause at issue here is mandatory in that it specifies where the case "will be brought" and that the jurisdiction is "exclusive[]," the forum so selected is not limited to a single locale, but includes "any state or federal court in the State of Louisiana or Mississippi in which venue is proper." Thus, while Parker filed suit in one contractually permissible forum (a Louisiana federal court), Alpha is seeking transfer of the case to another contractually permissible forum (a Mississippi federal court) – not

5

to enforce a mandatory forum-selection provision, but instead, for the convenience of the parties and in the interest of justice. Consequently, the traditional § 1404(a) analysis applies, which requires examination of all the private and public interest factors.

Here, the Southern District of Mississippi constitutes a venue where this action might have been brought (per the contract), and the balance of the factors demonstrates that it is a "clearly more convenient" venue. All of the private interest factors favor Mississippi. The documentary evidence in this case is maintained at Alpha's Moss Point location.[20] Alpha has identified nine fact witnesses who live within the Southern District of Mississippi.[21] The other seven seaman aboard the *Sea Bee* at the time of the accident live outside of the continental United States, but live in Moss Point during the fishing season.[22] Further, Parker has not identified one witness within this district. Instead, he points to the Alpha employee who made decisions regarding his entitlement to maintenance and cure, but even this individual lives in the Middle District of Louisiana, not this district.[23] Further, all of Parker's treating physicians are located in Moss Point or Alabama, which is geographically closer to the Southern District of Mississippi than this district.[24] The cost of attendance for willing witnesses would obviously be less in the Southern District of Mississippi for those who live in that district or closer to it.

The public interest factors also tilt toward Mississippi. Although Parker posits that there are no difficulties flowing from congestion in this district, he does not offer any statistics comparing the caseload of this district to that of the Southern District of Mississippi as would allow for a meaningful assessment. Thus, the first factor will be considered neutral. The second

---

[20] R. Doc. 14 at 3.
[21] R. Doc. 10-2 at 2-3.
[22] *Id.*
[23] R. Doc. 11 at 4.
[24] R. Doc. 10-1 at 1-2.

factor – local interest – is greater in Mississippi where the vessel is based and Parker's treatment began. The only interest that this district has is that the accident happened to occur in waters off the coast of Louisiana, a transient and tenuous connection. Neither Alpha, nor Parker, has any other appreciable connection to this district. The third factor – familiarity with the governing law – is neutral as both this Court and the federal court in the Southern District of Mississippi are equally well-equipped to apply federal maritime law. Finally, the fourth factor – avoidance of conflict of laws or application of foreign law – is not applicable.

Thus, on balance, while this district receives some consideration as Parker's chosen forum for suit, the Southern District of Mississippi is clearly the more convenient (and less expensive) venue when all the factors are weighed together, especially given the availability there of witnesses and sources of proof and Mississippi's interest in adjudicating claims related to a business operating a vessel from its port. As such, this case is best transferred to the Southern District of Mississippi.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Alpha's motion to transfer (R. Doc. 10) is GRANTED, and this matter is TRANSFERRED to the United States District Court for the Southern District of Mississippi.

New Orleans, Louisiana, this 12th day of August, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE